8  481<br>46  525

## William F. A. Fleetwood *v.* Henry C. Dwight.

Damages allowed for the wrongful issuance of a provisional seizure for rent, without malice.

APPEAL from the District Court, Parish of St. Mary, *Voorhies*, J. *Tucker & McGill*, for plaintiff. *Gibbon & McMillan*, for defendant and appellant.

Dunbar, J. This suit was brought to recover damages for the wrongful suing out of a writ of provisional seizure for rent due by the plaintiff in this action, to one of the defendants. It appears that the plaintiff, being the tenant of *Henry C. Dwight* for the rent of a store in the town of Franklin, at the rate of $25 per month, failed to pay his landlord any rent for the space of fifteen months. It is true that the plaintiff sets up as an excuse for such conduct, that notice had been given to him that some third person claimed the property rented—but this difficulty, if any, was at once obviated by the agent of the defendant offering to give him good security against any such claim. Under these circumstances, the plaintiff having a very small stock of goods on hand, the agent of *H. C. Dwight* sued out a writ of provisional seizure for $375, the amount of the rent due. Before taking this step, the agent of *Dwight* had made frequent demands of *Fleetwood* for the rent, and had further agreed to wait with him upon his giving security to the end of the year. But *Fleet-*

FLEETWOOD
v.
DWIGHT.

wood failed to give the security, although the indulgence was extended to him by the agent. On the trial of the provisional seizure *Dwight* had judgment for his rent, with legal interest from judicial demand, but the seizure was set aside.

On the trial of the present suit for damages, the jury gave a verdict for $683, for which amount the Court below gave·judgment in favor of plaintiff.

Both parties complain of this verdict and judgment. The plaintiff complains that adequate damages have not been awarded to him for the injury done to his credit as a merchant, and contends that his small stock of goods was much injured whilst under seizure. We cannot see how a man, who had not paid any rent to his landlord for fifteen months, with a stock of goods not worth more than a few hundred dollars, could have had his credit very much injured by an order of seizure against him, and it must be remembered that he brought it upon himself by his own fault in not having paid one dollar to his landlord for fifteen months at the small rent of $25 per month.

We consider that the evidence shows great indulgence and forbearance on the part of the landlord, and an entire absence of malice on his part, or his agent. We cannot see, from the evidence, that the plaintiff has much right to complain of the damage done to his goods whilst under seizure. It appears that they were not probably injured more than 10 per cent whilst under seizure, and it is further shown that when appraised at $338 67 they actually sold for $444 45 at the Sheriff's sale.

From a review of these facts we have come to the conclusion that excessive damages have been given by the verdict of the jury. We have heretofore held, "that damages for the wrongful issuance of a provisional seizure for rent will not be allowed where the seizing creditor acted without malice, and where the circumstances were such as to give probable cause for the seizure." *T. & G. Forbes* v. *Geddes*, 6th Ann. 402. Instead, however, of giving a judgment in this case for the defendants, we will lessen the damages.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and it is further ordered, that the plaintiff have judgment against the defendant *H. C. Dwight* for $150, with costs in the Court below, and that appellee pay the costs of this appeal.